IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-cv-00012-M

| | | |
|---|---|---|
| JESS YATES, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF WALLACE, NC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court due to Plaintiff's continued failures to comply with the court's orders and local rules. Plaintiff filed this action in the United States District Court for the District of South Carolina on or about November 30, 2020. *See* DE 1. The action was transferred to this court on January 27, 2021 by order of the Honorable R. Bryan Harwell, Chief Judge, District of South Carolina, who adopted the report and recommendation of the Honorable Thomas E. Rogers, United States Magistrate Judge. DE 3, 7, 8. Chief Judge Harwell noted in his January 21, 2021 order that the Defendant had neither appeared nor been served. DE 7. On January 27, 2021, the Clerk of this Court issued a Notice informing the Plaintiff that he "shall file a notice of self-representation on a form available from the clerk" and "shall also contemporaneously file a financial disclosure statement in accordance with FED.R.Civ.P.7.1 and Local Civil Rule 7.3. These forms can be found on the court's website. www.nced.uscourt.gov." DE 9. In addition to sending a copy of the notice to the Plaintiff, the Clerk sent blank copies of the required forms. *Id.*

After receiving no response from the Plaintiff, the Clerk of the Court issued a Notice of Deficiency on February 17, 2021 directing the Plaintiff "to file a notice of self-representation and

a financial disclosure with the court" and, again, mailed to Plaintiff two blank forms to assist with Plaintiff's compliance.

On March 2, 2021, the Clerk of the Court issued a Notice to Plaintiff of Failure to Make Service Within 90 Days, directing the Plaintiff, pursuant to Fed. R. Civ. P. 4(m), to serve the Defendant within fourteen days of receipt of the notice. DE 10. In addition, this court issued a text order, mailed to Plaintiff's address of record, directing Plaintiff to file the notice of self-representation and financial disclosure within fourteen days of the court's order. Plaintiff filed nothing in response; accordingly, due to Plaintiff's failure to comply with all orders issued in this case and the associated federal and local rules, the court issued an order directing Plaintiff to show cause in writing why the case should not be dismissed for Plaintiff's failure to prosecute. DE 11. The court added a warning that, if the Plaintiff failed to comply, the court would dismiss the case without further notice to the Plaintiff. *Id.* at 3.

On April 9, 2021, Plaintiff filed a "Certificate of Service" in which he "certifies" that he personally served Defendant's attorney on November 30, 2020 and "now sent another copy to the Wallace town manager as well, on 4/5/2021 [v]ia certified mail." DE 12. Attached to this certificate is a copy of the Complaint filed in this action; an undated, unsigned "motion" purportedly filed in *Town of Wallace v. Yates*, No. 20CVS473 (Duplin County, NC) seeking to "move" that case "to US federal court"; and a number of documents, some of which were attached to the Complaint when filed in this court in January 2021. *See id.* The court found Plaintiff's submission insufficient to demonstrate cause for the Plaintiff's failures to comply with the court's orders, because the "certificate of service" did not establish that Plaintiff had properly served Defendant in accordance with Fed. R. Civ. P. 4 and Plaintiff did not file a completed return (or, "proof") of service form attached to the summons issued by the Clerk of the Court. DE 13. In

2

addition, Plaintiff had not filed completed self-representation and financial disclosure forms. *See id.*

Consequently, on April 13, 2021, the court ordered that Plaintiff complete the following tasks on or before May 14, 2021: (1) serve Defendant with a summons and copy of the Complaint in accordance with Fed. R. Civ. P. 4; (2) file in this case the completed return (or proof) of service form attached to the summons demonstrating service of the summons and Complaint on the Defendant; and (3) complete and file in this case the self-representation and financial disclosure forms. *Id.* The court also directed the Clerk of the Court to provide to the Plaintiff another summons for service of the Complaint and blank self-representation and financial disclosure forms. *Id.* The court warned the Plaintiff again that any failure to comply with the order would result in the court dismissing the case without further notice to the Plaintiff. *Id.* At the current time, the case docket reflects that no action has been taken by the Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Thus, a complaint may be dismissed pursuant to Rule 41(b) for a plaintiff's failure to prosecute the action and/or failure to comply with orders of the court. *See Leatherman v. Belk, Inc.*, No. 520CV00169KDBDCK, 2021 WL 848176, at *1 (W.D.N.C. Mar. 5, 2021) (citing *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989) (upholding dismissal of pro se plaintiff's claims, and noting that pro se litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible")). Courts need not await a motion by a defendant and may proceed *sua sponte* in dismissing a complaint pursuant to Rule 41(b). *See Link v. Wabash R.R.*

3

*Co.*, 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party).

The Fourth Circuit instructs that "sound public policy favors deciding cases on their merits and therefore . . . the power to dismiss must be exercised 'with restraint.'" *Sorto v. AutoZone, Inc.*, 821 F. App'x 188, 194–95 (4th Cir. 2020) (quoting *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978)). To that end, district courts evaluating dismissal under Rule 41(b) are required "to consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" *Id.* (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)).

The court finds that a lesser sanction would not be effective in this case; Plaintiff has been warned twice that his complaint may be dismissed, but he has failed to comply with court orders and rules. Plaintiff proceeds in this action pro se and, thus, the responsibility for prosecuting this action is solely his. It is unclear from the record whether Defendant has been actually served in this case; nevertheless, Defendant has not appeared and, therefore, has suffered no prejudice from Plaintiff's conduct. Finally, while the procedural history of this case does not necessarily demonstrate that Plaintiff's dilatory conduct is "drawn out," it reflects that Plaintiff's conduct appears to be deliberate, particularly in his refusals to respond to notices issued by the Clerk of this Court.

The court concludes that its consideration of the factors necessary to dismiss a case under Rule 41(b) establishes they weigh in favor of dismissal. Accordingly, for the Plaintiff's failures to comply with court orders and rules and to prosecute this case, the court DISMISSES the case

4

WITHOUT PREJUDICE.   The Clerk of the Court is directed to close this case.

SO ORDERED this _18th_ day of May, 2021.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE